RODGER R. COLE (CSB NO. 178865)
rcole@fenwick.com
DAN KO OBUHANYCH (CSB NO. 255160)
dobuhanych@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
ARASAN CHIP SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARASAN CHIP SYSTEMS, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SONIX TECHNOLOGY CO., LTD.,<br><br>Defendant. | Case No. C09 02172 PVT<br><br>**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Arasan Chip Systems, Inc., a California corporation, hereby alleges as follows:

**THE NATURE OF THE ACTION**

1.      This is an action for breach of contract in connection with Plaintiff Arasan Chip Systems, Inc.'s ("Arasan") agreement to license certain intellectual property to Defendant Sonix Technology Co., Ltd. ("Sonix"). Pursuant to a License Agreement dated February 20, 2009 ("Agreement"), Arasan licensed certain technology to Sonix in exchange for a licensing fee. Arasan delivered the product to Sonix and complied with its obligations under the Agreement. However, as of the filing of this Complaint, Sonix has not paid any part of the licensing fee to Arasan, ignored Arasan's requests for payment, improperly attempted to cancel the Agreement and remains in material breach of the Agreement.

COMPLAINT FOR BREACH OF CONTRACT                                                CASE NO.: _____

## THE PARTIES

2. Plaintiff Arasan Chip Systems, Inc. is a California corporation authorized to do business and is doing business throughout the State of California, with its principal place of business at 2010 N. First Street, Suite 510, San Jose, 95131, in the County of Santa Clara, California.

3. Defendant Sonix Technology Co. Ltd. is a corporation organized and existing under the laws of Taiwan, with its principal place of business at 10F-1, No. 36, Taiyuan Street, Chupei City, Hsinchu, Taiwan.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Sonix because Sonix expressly consented to the jurisdiction of this Court for any controversies, proceedings or disputes in connection with the Agreement. In addition, on information and belief, Sonix conducts business in the State of California and within the Northern District of California.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000, and the matter involves a dispute between Arasan, a citizen or subject of California, and Sonix, a citizen or subject of a foreign state (Taiwan).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and injury giving rise to the claims set forth herein occurred in this district. In addition, Sonix consented to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

7. Assignment of this action to the San Jose Division is proper under Civil Local Rules 3-2(c) and 3-2(e), in that a substantial part of the events giving rise to the claims alleged herein occurred in the County of Santa Clara.

## GENERAL ALLEGATIONS

8. On or about February 20, 2009, Arasan and Sonix entered into a written License Agreement, a copy of which is attached as Exhibit A hereto. Pursuant to the terms of the Agreement, Arasan granted Sonix a license for its "RTL Code, test programs, technical

documentation and reference designs" ("Licensed Technology"). The Licensed Technology consisted of two primary components: (1) Arasan's CSI2 product; and (2) Arasan's MIPI D-PHY product. In exchange for the licensing of these products, Sonix agreed to pay a license fee of $370,000 and a support and maintenance fee of $30,000 to Arasan.

9. Due to Sonix's expressed need to obtain the licensed technology from Arasan promptly, and to foster its new relationship with Sonix, Arasan underwent significant effort and expense to prepare and deliver the Licensed Technology to Sonix within the demanding timeframe imposed by Sonix.

10. On or about February 24, 2009, Arasan timely delivered the pre-release of the first component of the Licensed Technology – the CSI2 product – to Sonix.

11. Pursuant to the terms of the Agreement, Sonix was obligated to pay 30% of the license fee and 100% of the support and maintenance fee by February 25, 2009. However, Sonix did not make any payment to Arasan by February 25 or thereafter.

12. Arasan continued to work earnestly and diligently to prepare the second component of the Licensed Technology – the MIPI D-PHY product – which required significant customization and modification by Arasan to meet Sonix's needs. Arasan expected to deliver the MIPI D-PHY product in a timely manner to Sonix.

13. On or about March 19, 2009, Sonix verbally informed Arasan that it intended to unilaterally terminate the Agreement. At that time, Arasan had already expended 44 man-weeks of labor in an effort to customize the MIPI D-PHY deliverable, and the work was approximately 90% completed.

14. On or about March 20, 2009, Sonix informed Arasan in writing that the "SONIX MIPI project is terminated today. . . . The contract with Arasan and this bill will be transferred to legal department to close it." Under the terms of the Agreement, the Agreement cannot be terminated unless there is a material breach that has not been cured within 30 days of written notice to the other party. Sonix did not provide written notice to Arasan that Arasan was in material breach of the Agreement.

15. On or about March 20, 2009, Arasan informed Sonix that it could not accept Sonix's request to cancel the Agreement because Arasan had already performed under the contract. Arasan issued an invoice to Sonix and requested that Sonix contact Arasan to resolve the matter. Sonix did not respond.

16. Pursuant to the Agreement, Sonix was obligated to pay an additional 40% of the license fee by March 24, 2009. On March 24, 2009, Arasan issued another invoice under the Agreement and requested that Sonix pay the invoice immediately. However, Sonix did not make any payment to Arasan by March 24, 2009 or thereafter.

17. On March 27, 2009, counsel for Arasan sent a letter to Sonix which informed Sonix that it was in material breach of the Agreement and demanded payment of the $400,000 due and owing under the Agreement. Sonix did not respond.

18. To date, Sonix has not made any payments to Arasan under the Agreement and remains in material breach of the Agreement.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

19. Arasan incorporates by reference the allegations contained in Paragraphs 1 through 18 above.

20. Except for those obligations that have been excused by Sonix's material breach, Arasan has fully performed its obligations under the Agreement, by, *inter alia*, timely preparing and delivering the CSI2 product and preparing the MIPI D-PHY product to be delivered in timely fashion pursuant to the terms of the Agreement.

21. Beginning on or about February 25, 2009 and thereafter, Sonix materially breached its obligations under the Agreement by not paying the amounts due. Further, Sonix has improperly attempted to terminate the Agreement after Arasan substantially performed its obligations under the Agreement.

22. As a direct and proximate result of Sonix's breach of the Agreement, Arasan has been damaged by an amount in excess of $400,000.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arasan Chip Systems, Inc. prays for an Order and Judgment as follows:

1. That Sonix be ordered to pay Arasan compensatory damages in the amount of $400,000.00 plus interest;

2. For reasonable attorney's fees according to proof;

3. For costs of the suit; and

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Arasan hereby demands a jury trial on all issues.

Dated: May 18, 2009

FENWICK & WEST LLP

By: _____
Rodger R. Cole

Attorneys for Plaintiff
ARASAN CHIP SYSTEMS, INC.

1299259.1