John A. Kithas (State Bar No. 64284)
Chris D. Land (State Bar No. 238261)
LAW OFFICES OF JOHN A. KITHAS
One Embarcadero Center, Suite 1020
San Francisco, California 94111-3600
Telephone: 415-788-8100
Facsimile: 415-788-8001

Specially appearing for Defendant
SONIX TECHNOLOGY CO. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ARASAN CHIP SYSTEMS INC., | Case No. CV09-02172 |
|---|---|
| Plaintiff, | Date: January 29, 2010<br>Time: 9:00 am |
| v. | Dept: 3 |
| SONIX TECHNOLOGY CO. LTD., | SONIX TECHNOLOGY CO. LTD.'S REPLY BRIEF |
| Defendant. | |

Defendant SONIX TECHNOLOGY CO. LTD. ("SONIX") submits the following Reply to Plaintiff ARASAN CHIP SYSTEMS INC.'s ("ARASAN") Opposition to SONIX' Motion to Dismiss for Insufficient Process or, Alternatively, to Quash Service (Docket No. 29, hereinafter "Opposition").

ARASAN concedes that the required translations were "not included in the documents delivered to Sonix." Opposition at 2:16-17. Therefore, SONIX' Motion should be granted. Because the required translations were lacking, ARASAN admits that the documents delivered to SONIX did not constitute proper service, characterizing them instead as "service" in quotation marks. Opposition at 1:25. This creative but unknown classification is an admission that proper service was not made, and therefore the attempt should be quashed.

Although the Opposition is so entitled, ARASAN has effectively made the Non-Opposition that was suggested in SONIX' special counsel's letter of November 12, 2009, attached to

ARASAN's own papers as Exhibit C: "file a Non-Opposition to the Motion to the extent it requests that service be quashed. Arasan may indicate in its Non-Opposition that Sonix is amenable to an outcome in which service is quashed without dismissal of the Complaint." ARASAN noted that some decisions cited by SONIX did not dismiss the complaints. Opposition at 3:9-13. However, ARASAN conveniently neglected to mention that each of these decisions *did* hold that service should be quashed. *Vorhees v. Fischer & Krecke* (4th Cir. 1982) 697 F.2d 574, 575; *Teknekron Mgmt., Inc. v. Quante Fernmeldetechnik GmbH* (D. Nev. 1987) 115 F.R.D. 175, 177; *Harris v. Browning-Ferris Indus. Chem. Servs., Inc.* (M.D. La. 1984) 100 F.R.D. 775, 778. Likewise, ARASAN's attempt at service or "service" should be quashed.

ARASAN emphasized that it is making or has made a second attempt at service. Opposition at 1:21-24, 2:17-20, 3:15-16. This is irrelevant because the second attempt is not before the Court on the instant Motion, and the second attempt can be addressed at the appropriate time. Moreover, ARASAN's reliance on its second attempt is yet another admission that its first attempt was insufficient, and therefore should be quashed.

Dated: January 13, 2010

LAW OFFICES OF JOHN A. KITHAS
Specially appearing for Defendant SONIX
TECHNOLOGY CO. LTD.

By John A. Kithas