# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ARASAN CHIP SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SONIX TECHNOLOGY CO. LTD., <br><br> Defendant. | Case Number 5:09-CV-02172 JF (PVT) <br><br> **ORDER GRANTING MOTION TO QUASH SERVICE AND TERMINATING MOTION TO DISMISS** <br><br> Re: Docket Nos. 14, 25 |

Defendant Sonix Technology Co., Ltd. ("Sonix"), a Taiwanese corporation, moves to dismiss the instant action for insufficient service of process or in the alternative to quash service. Sonix also moves to dismiss for failure to join a necessary party under Fed. R. Civ. P. 19. Plaintiff Arasan Chip Systems, Inc. ("Arasan"), a California corporation, opposes both motions. The briefing on the instant motions is complete, and pursuant to Civil Local Rule 7-1(b), the Court has determined that the motions are appropriate for determination without oral argument.

"When granting a Rule 12(b)(5) motion, federal courts have broad discretion to dismiss the action or to retain the case but to quash the service that has been made on the defendant." *Stevens v. Security Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir.1976) ("The choice between dismissal and quashing service of process is in the district court's discretion."). "Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Moletech Global Hong Kong Ltd. v. Pojery Trading Co.*, No. C

Case Number 5:09-CV-02172 JF (PVT)
ORDER GRANTING MOTION TO QUASH SERVICE AND TERMINATING MOTION TO DISMISS
(JFLC1)

09-00027 SBA, 2009 WL 506873, at *3 (N.D. Cal. Feb. 27, 2009), quoting *Umbenhauer v. Woog,* 969 F.2d 25, 30-31 (3rd Cir.1992), citing, inter alia, 5AB Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (2004).

On May 28, 2009, the Court granted a request in this case for international judicial assistance in the form of a letter rogatory. It is undisputed that on that same day, Arasan delivered the documents to be served, including a copy of the letter rogatory translated into Mandarin Chinese, to the United States Department of State. *See* Declaration of Dan Ko Obuhanych ("Obuhanych Decl.") ¶¶2-3 and Ex. A. On June 16, 2009, the State Department informed counsel for Arasan that the complaint, civil cover sheet and summons also must be translated into Mandarin Chinese. *Id.* ¶ 4. Plaintiff asserts that it delivered the translated documents to the State Department on July 15, 2009. *Id.* ¶ 6. On October 26, 2009, Sonix filed the instant motion to dismiss or quash for insufficient service of process based upon Arasan's failure to provide Mandarin Chinese translations of the relevant documents. Arasan then contacted the State Department and learned that as a result of an administrative error, the translated documents were not delivered to Sonix.

In its opposition papers, Arasan concedes that service was ineffective and states that it is "still in the process of serving Sonix in Taiwan pursuant to a Letter Rogatory with assistance of the United States Department of State, the American Institute in Taiwan and Taiwanese authorities..." Opp. at 1. Accordingly, the motion to quash service will be granted. Because the Court currently lacks jurisdiction over Sonix, it will terminate the Rule 19 motion without prejudice.

**V. ORDER**

Good cause therefor appearing, Sonix's motion to dismiss for insufficient process is DENIED, and its alternative motion to quash service is GRANTED. The motion to dismiss for failure to join a necessary party is TERMINATED WITHOUT PREJUDICE. The hearing date on the instant motions is hereby vacated. A case management conference shall be held on May 7, 2010 at 10:30 A.M.

2

**IT IS SO ORDERED.**

DATED: 3/8/2010

_____
JEREMY FOGEL
United States District Judge