**E-Filed 5/12/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARASAN CHIP SYSTEMS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SONIX TECHNOLOGY CO. LTD.,<br><br>　　　　　Defendant. | Case Number 5:09-CV-02172 JF (PVT)<br><br>**ORDER CONDITIONALLY DENYING SONIX'S MOTION TO DISMISS**<br><br>Re: Docket No. 40 |

## I. BACKGROUND

On May 18, 2009, Plaintiff Arasan Chip Systems, Inc. ("Arasan"), a California corporation, filed the instant action for breach of contract against Defendant Sonix Technology Co., Ltd. ("Sonix"), a Taiwanese corporation. On March 8, 2010, the Court granted Sonix's motion to quash service. Because Sonix had not been served, the Court determined that it lacked jurisdiction over Sonix and terminated without prejudice Sonix's motion to dismiss under Fed. R. Civ. P. 19 for failure to join a necessary party. Sonix subsequently appeared and re-noticed the instant motion to dismiss pursuant to Rule 19. Arasan opposes the motion.

Arasan is a provider of semiconductor components and intellectual property and engineering services. Declaration of Richard Timpa ¶ 2. Arasan sells its products internationally

and in some locations contracts with local sales representatives. *Id.* ¶ 3. On or about October 1, 2005, Arasan entered into a "Sales Representative Agreement" (the "Agreement") with EE Solutions pursuant to which EE Solutions would represent Arasan to solicit orders from customers in China and Taiwan. *Id.* ¶¶ 4, 5, Ex. A (Agreement) (indicating that Arasan would pay EE Solutions a commission for sales as an independent contractor, not an agent of Arasan). The Agreement was to remain in effect for a period of one year. It appears that the Agreement expired on or about October 1, 2006. As Arasan's sales representative, EE Solutions interacted with Arasan's clients in Taiwan, including Sonix.

Sonix is an integrated circuit ("IC") design company that makes, among other things, voice controller ICs for voice, audio, and sound applications. Declaration of Ricky Huang ("Ricky Huang Decl.") ¶ 3. At the end of 2008, Sonix was preparing to manufacture and market an IC for webcams. Sonix claims that its engineers were capable of writing the software with Sonix's existing technology, but that Sonix was convinced by Arasan that by using Arasan's existing intellectual property Sonix could get its product to market more quickly. Declaration of Fred Huang ("Fred Huang Decl.") ¶ 4. Arasan and Sonix entered into a license agreement on February 20, 2009. Timpa Decl. ¶ 10, Ex. B (License Agreement).

EE Solutions does not own any interest in Arasan's products, nor was it a party to the License Agreement between Arasan and Sonix. Timpa Decl., Ex. B. Instead, EE Solutions appears to have been a paid sales representative of Arasan that issued and received purchase orders, accepted invoices, provided support and delivered a "legal attest letter" to Sonix on Arasan's behalf. *Id.* ¶ 6, Ex. A; Fred Huang Decl., Ex. A (Purchase Order) (identifying EE Solutions as the Supplier); *see id.*, Ex. B (Business Uniform Invoice) (indicating EE Solutions as the named company in the Invoice). However, while Arasan asserts that EE Solutions' relationship with Sonix was solely in its capacity as Arasan's sales representative, the legal attest letter to Sonix by EE Solutions claims that Sonix purchased the subject IP from EE Solutions for $420,000. Declaration of Ricky Huang ¶ 4, Ex. A (legal attest letter in Chinese), Ex. B (legal attest letter translated into English). The legal attest letter refers to EE Solutions alone and in no way indicates that EE Solutions was acting on behalf of Arasan. *Id.* Sonix claims that it is

standard procedure in Taiwan to send a legal attest letter before a lawsuit is filed. *Id.* ¶ 6. Finally, Sonix claims that EE Solutions identified Arasan as its "partner" in Asia and that EE Solutions stated to its customers that it provides Arasan's IP to customers located in Taiwan and China**.** Fred Huang Decl. ¶¶ 9-10, Exs. E and F.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) may be granted where a plaintiff fails to join a non-diverse and indispensable party[1] as that term is defined in Fed. R. Civ. P. 19. *See U.S. v. Bowen*, 682, 688 (9th Cir. 1999). "In determining whether a party is 'necessary' under Rule 19(a), a court must consider whether 'complete relief' can be accorded among the existing parties, and whether the absent party has a 'legally protected interest' in the subject of the suit." *Shermoen v. U.S.*, 982 F.2d 1312, 1317 (9th Cir.1992) (citation omitted). The Rule 19 inquiry is "fact specific," and the party seeking dismissal has the burden of persuasion. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990).

## III. DISCUSSION

Arasan does not dispute that it has not named EE Solutions as a party in the instant action. Sonix contends that EE Solutions is an indispensable party pursuant to Rule 19 and that accordingly the Court must dismiss the instant action. Rule 19 "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party." *Bowen*, 172 F.3d at 688; *see also Equal Employment Opportunity Comm'n v. Peabody W. Coal. Co.,* 400 F.3d 774, 779 (9th Cir. 2005). First, the Court must determine whether the third party is "necessary." *Id* . A party is necessary and must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[1] The 2007 amendment to Rule 19 eliminated the term "indispensable" and replaced the term "necessary" with "required." "The Rules Committee advised the changes were stylistic only." *Republic of the Philippines v. Pimentel*, 553 U.S. 851, ----, 128 S.Ct. 2180, 2184, 171 L.Ed.2d 131 (2008), citing see Advisory Committee's Notes on 2007 Amendment to Fed. Rule Civ. Proc. 19, 28 U.S.C. A., p. 168 (2008). Because the traditional terms are terms of art used by courts and commentators and because the parties have used the traditional terms in their briefs, the Court will do the same here.

   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
     (i) as a practical matter impair or impede the person's ability to protect the interest; or
     (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). *See also Bowen,* 172 F.3d at 688. If the third party satisfies the above criteria, the Court must then determine whether joinder is "feasible." Fed. R. Civ. P. 19(b); *Bowen,* 172 F.3d at 688. If joinder is not feasible, the Court then "must decide whether the absent party is 'indispensable,' i .e., whether in 'equity and good conscience' the action can continue without the party." *Bowen*, 172 F.3d at 688 (citing Fed. R. Civ. P. 19(b)).

   **A. Whether EE Solutions is a necessary party**

   Sonix contends that EE Solutions is a necessary party to the instant action for all of the reasons enumerated in Rule 19(a)(1). First, Sonix argues that without the participation of EE Solutions complete relief cannot be awarded. Sonix points out that Arasan seeks damages in the amount of the alleged contract price – $400,000, while EE Solutions asserts its own entitlement to at least $140,000 and as much as $420,000 in the legal attest letter. Complaint, Prayer for Relief ¶ 1; Ricky Huang Decl., Ex. B. Based upon these demands, Sonix argues that Arasan's potential recovery must be limited to $260,000, or nothing at all, until EE Solutions' claim is resolved. However, the legal attest letter in question identifies two of Arasan's licensed products – MIPI D-PHY and CSI-2 RTL – that are subject to a License Agreement to which EE Solutions has never been a party. Timpa Decl., Ex. B (License Agreement). The only claim for relief in the instant action is for breach of that License Agreement. Because EE Solutions was not a party to the contract, its joinder is unnecessary for complete relief to be achieved. *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1044 (9th Cir. 1983) ("A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract.")

   Second, Sonix claims that EE Solutions, if not joined as a party, will be prejudiced and unable to protect its interests if the instant action proceeds. Sonix argues that if Arasan is awarded the full amount of the alleged contract price there would be no balance under the contract remaining that EE Solutions could recover. However, while Sonix's argument raises a

potential practical concern regarding recovery, Sonix has failed to show that EE Solutions has an essential legal interest in this litigation, as it was not a party to the License Agreement and has no ownership interest in the products it sells for Arasan. The agency agreement between Arasan and EE Solutions, while it has expired, identifies EE Solutions as a sales representative that receives commissions for its sales to customers. Timpa Decl. ¶ 5, Ex. A ¶ 9. As argued by Arasan, any rights that EE Solutions may have concern commissions flowing from its agreement with Arasan, not Sonix.

Finally, Sonix contends that it will be exposed to multiple obligations. It claims that resolving the action in the absence of EE Solutions would expose it to the risk of litigating and potentially paying both Arasan and EE Solutions for the same transaction. However, if Arasan is awarded a judgment in the instant action, the only potential interest EE Solutions may have as between the various parties is for a commission payment from Arasan. Opp. Mot. at 4 (contending that because EE Solutions' only interest is for a commission payment from Arasan it will attempt to recover its payment from Arasan, not Sonix).

At oral argument, Arasan restated its position that: (1) EE Solutions has no contractual relationship with Sonix; (2) the legal attest letter sent by EE Solutions to Sonix was sent on Arasan's behalf; (3) any right EE Solutions has to a commission payment arises from its relationship with Arasan; and (4) if EE Solutions seeks recovery of a commission arising from the License Agreement that recovery necessarily will be from Arasan, not Sonix. Accordingly, the Court will deny Sonix's motion to dismiss conditioned upon Arasan's submission of a declaration from EE Solutions consistent with Arasan's assertions.[2]

## V. ORDER

Good cause therefor appearing, Sonix's motion to dismiss is DENIED conditioned upon this Court's receipt of a declaration consistent with that described above.

---

[2] Assuming that Arasan submits a declaration consistent with the representations it made to the Court at oral argument, the Court need not determine if joinder is feasible or whether EE Solutions is an indispensable party under Rule 19(b).

5

Case Number 5:09-CV-02172 JF (PVT)
ORDER CONDITIONALLY DENYING SONIX'S MOTION TO DISMISS
(JFLC1)

**IT IS SO ORDERED.**

DATED: 5/12/2010

_____
JEREMY FOGEL
United States District Judge